IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES GENE HODGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-4053-JPG |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the federal work camp in Marion, Illinois, brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346, 2671-2680. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is, in fact, indigent. Accordingly, the instant motion is **GRANTED**.[1]

In this action, Plaintiff complains about the medical treatment he received for a leg injury sustained in 2003 while he was at Marion. Plaintiff alleges that he fractured his leg, yet that fracture was not properly diagnosed or treated. He subsequently broke the leg, eventually requiring surgery to repair it, although he is dissatisfied with the treatment he received. For this inadequate medical treatment, he seeks $10,000,000 in damages.

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

---

[1] Plaintiff currently resides at a halfway house in Marion, Illinois. Therefore, the Court cannot assess and collect the filing fee under 28 U.S.C. § 1915.

> office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a).

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). *See also Massey v. United States*, 312 F.3d 272, 280 (7th Cir. 2002).

> Under Illinois law, in a medical malpractice action, the burden is on the plaintiff to prove (1) the proper standard of care by which a physician's conduct may be measured, (2) a negligent failure to comply with the applicable standard, and (3) a resulting injury proximately caused by the physician's lack of skill or care.

*Id.*, citing *Donais v. United States*, 232 F.3d 595, 598 (7th Cir. 2000) (internal quotations omitted). *See also Campbell v. United States*, 904 F.2d 1188, 1191 (7th Cir. 1990); *Simmons v. Garces,* 319 Ill.App.3d 308, 253 Ill.Dec. 446, 745 N.E.2d 569, 577 (2001); *Diggs v. Suburban Med. Ctr.,* 191 Ill.App.3d 828, 138 Ill.Dec. 960, 548 N.E.2d 373, 377 (1989). "Unless the physician's negligence is so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson, expert medical testimony is required to establish the standard of care and the defendant physician's deviation from that standard." *Donais,* 232 F.3d at 598 (quoting *Purtill v. Hess,* 111 Ill.2d 229, 95 Ill.Dec. 305, 489 N.E.2d 867, 872 (1986)).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's medical claim at this point in the litigation. *See* 28 U.S.C. § 1915A. Plaintiff has named several individuals and agencies as defendants in this action but, in an action under the FTCA, the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b).

**IT IS HEREBY ORDERED** that the United States of America is **SUBSTITUTED** as Defendant in this action.

**IT IS FURTHER ORDERED** that **ALL INDIVIDUALLY-NAMED DEFENDANTS** are hereby **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that in all future pleadings, the title of this case shall be "*Charles Gene Hodge, Plaintiff, vs. United States of America, Defendant.*"

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **ONE (1)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint, Summons, and this Order upon the United States Attorney for the Southern District of Illinois and upon the Attorney General of the United States at Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include, with the original paper to be filed with the Clerk of the court, a certificate stating the date that a true and correct copy of any document was mailed to

the United States Attorney. Any paper received by a district judge or magistrate which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**Dated: June 13, 2006.**

               **s/ J. Phil Gilbert**
               **U. S. District Judge**