IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES GENE HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:06-cv-4053 JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Currently pending before the Court is Plaintiff's second motion to appoint counsel (Doc. 15). For the reasons set forth below, the motion is **DENIED**.

A Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. Stroe v. Immigration and Naturalization Services, 256 F.3d 498, 500 (7th Cir. 2001); Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." 577 F.2d at 431; See also Gil v. Reed, 381 F.3d 649, 656-657 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961). Under Local Rule 83.1(i), every member of the bar of this Court shall be available for appointment to represent an indigent.

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004); Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five factors that a district court should consider in ruling

on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).

Despite the Court's earlier recommendation (see Doc. 7), Plaintiff has made no showing of an attempt to secure private counsel on his own, without court intervention. Thus, he has not met the threshold burden required of him before the Court will consider appointing counsel in this matter. Even if he had, the legal issues in the case are not complex. Plaintiff presents one issue under the Federal Tort Claims Act, namely, whether the Defendant acted negligently in treating his fractured leg. Plaintiff already possesses the most crucial evidence in the case: his medical records. Finally, Plaintiff has thus far shown himself to be capable of presenting his case. The motion for appointment of counsel itself contains proper and well-elaborated statements of the law at issue. Therefore, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's second motion for appointment of counsel (Doc. 15) is **DENIED**.

**DATED: January 10, 2008**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**