UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES G. HODGE,

       Plaintiff,

    v.

UNITED STATES OF AMERICA,

       Defendant.

Case No. 06-cv-4053-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Charles G. Hodge's Objection to

Magistrate Judge Wilkerson's Order Denying Motion to Appoint Counsel (Doc. 18).  For the

following reasons, the Court **AFFIRMS** Judge Wilkerson's Order (Doc. 16).

## BACKGROUND

Plaintiff has twice filed motions for appointment of counsel.  Judge Wilkerson denied

both motions finding that Plaintiff had not shown that he had made reasonable attempts to secure

private counsel.  Judge Wilkerson also found that Plaintiff's tort claim, alleging that Defendant

acted negligently in treating Plaintiff's fractured leg, did not present a complex legal issue.

Judge Wilkerson added that Plaintiff already possesses the most crucial evidence in his case,

namely his medical records.  Finally, Judge Wilkerson pointed out that Plaintiff has thus far

shown himself to be capable of presenting his case because his motions have been

comprehensive and understandable.  Plaintiff contends that he has attempted to contact private

counsel and that he is incapable of presenting his own case.

## ANALYSIS

A district court reviewing a magistrate judge's decision on nondispositive issues should

only modify or set aside that decision if it is clearly erroneous or contrary to law.  See Fed. R.

Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Wilkerson's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.* There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir.2001). However, in its discretion, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir.2004).

Here, Judge Wilkerson pointed to Plaintiff's failure to meet the threshold requirement that he attempt to secure private counsel. Plaintiff responds that he did phone some attorneys but that the records of his contacts are at his father's house and so unavailable to him. The Court notes that, to date, Plaintiff has still not made a showing that he attempted to secure counsel on his own. Even if the Court were to accept Plaintiff's unsupported statement that he had made the requisite attempts, Plaintiff has not shown that Judge Wilkerson's conclusion that appointed counsel is unnecessary is clearly erroneous or contrary to law.

In deciding whether to appoint counsel, the court should consider: (1) plaintiff's diligence in attempting to secure counsel; (2) the apparent merit of plaintiff's claim; (3) plaintiff's ability to investigate crucial facts; (4) the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts; (5) plaintiff's ability to manage the litigation and present his case; and (6) the complexity of the issues. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McNeil v. Lowney*, 831 F.2d 1368, 1371-2 (7th Cir. 1987); *see Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

This is a simple tort action related to alleged improper medical attention. Plaintiff's main

evidence will be his medical records and his own testimony, both of which he already possesses.

Additionally, despite Plaintiff's misgivings about proceeding on his own, he has shown himself

capable of presenting his own case by filing appropriate motions and setting out comprehensive

factual statements.  Therefore, the Court finds that Judge Wilkerson's factual findings are not

clearly erroneous, nor are his legal conclusions contrary to law.

**CONCLUSION**

The Court **AFFIRMS** Magistrate Judge Wilkerson's Order Denying Plaintiff's Motion to

Appoint Counsel (Doc. 16).


**IT IS SO ORDERED.**
**DATED: March 4, 2008**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**