IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHARLES G. HODGE, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| v. | ) | Case No. 4:06-cv-4053-JPG |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on May 29, 2008 (Doc. 24). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the case be **DISMISSED without prejudice**. It is recommended that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

The Plaintiff's complaint and accompanying exhibits indicate that on April 1, 2005, Plaintiff Charles Hodge filed a Claim for Damage, Injury, or Death with the North Central Regional Office of the Bureau of Prisons (Doc. 1-2, pp. 2-11). Plaintiff received a final denial of his claim on September 12, 2005 (Doc. 1-2, p. 1). On March 7, 2006, Plaintiff filed this action for relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671-2680 (Doc. 1).

Plaintiff alleges that in April 2003, while incarcerated in the Federal Prison Camp in Marion, Illinois ("FPC Marion"), an incline board in the prison gym fell on him, fracturing his leg (Doc. 1-2, p. 5). Initial x-rays and examinations by two doctors and a physician assistant did

not reveal a breakage (Doc. 1-8, pp. 1, 2, 12, 13). On July 25, 2003, one of those doctors took another x-ray of Plaintiff's leg and diagnosed a "healing fracture" (Doc. 1-8, p. 11). A cast was applied (Doc. 1-7, p. 13).

Doctors found that Plaintiff's leg continued to heal without further dislocation and in a good position through January 2004 (Doc. 1-8, p. 7-10). Then, on April 15, 2004, Dr. Richard Morgan examined Plaintiff and determined that the bones in Plaintiff's leg were healing at a mal-union, possibly contributing to Plaintiff's back pain (Doc. 1-8, p. 14). Dr. Morgan recommended surgery (Doc. 1-8, p. 14). Plaintiff was admitted to U.S. Medical Center for Federal Prisoners at Springfield, Missouri ("USMCFP Springfield") on September 22, 2004 (Doc. 1-5, p. 13). During his transfer, Plaintiff alleges that he was denied prescription medication while temporarily held at Williamson County Jail (Doc. 1, p. 7; Doc. 1-2, p. 9). When Plaintiff asked for his medication, he alleges that nurses responded with "smart aleck remarks" and that a doctor at the facility had the same attitude (Doc. 1, p. 7).

On October 6, 2004, Dr. Ernesto Gapasin also recommended surgery to correct the deformity in Plaintiff's leg (Doc. 1-6, p. 6). On October 25, 2004, Dr. James Shaeffer performed the recommended surgery (Doc. 1-9, pp. 11-12). Plaintiff alleges that the cast applied after the surgery was crooked (Doc. 1, p. 7), and that he had "trouble getting pain medication" (Doc. 1, p. 7; Doc. 1-2, pp. 10, 11). Upon discussing the denial of this medication with Dr. Gapasin, he was told that "the problem was with the narcotic's review committee and clinical director Hazelwood" (Doc. 1, p. 7). Following surgery, examinations indicated that Plaintiff's leg healed slowly, but in alignment (Doc. 1-5, p. 20; Doc. 1-6, pp. 2, 3, 5).

On April 27, 2005, Dr. Gapasin stated that Plaintiff could return to FPC Marion, but

noted that it would probably take a full year for his leg to heal completely (Doc. 1-5, p. 19). On May 20, 2005, Consultant Radiologist Dr. J. Mark Wilson x-rayed Plaintiff and determined that the fracture in his leg seemed to be "at least partially ununited" (Doc. 1-5, p. 12).

The United States of America ("Defendant") filed the instant Motion to Dismiss (Doc. 24) on May 29, 2008. Defendant moves for dismissal, or in the alternative for summary judgment, on three grounds: 1) that Plaintiff has not filed a certificate of merit as required by 735 ILL. COMP. STAT. 5/2-622; 2) that many of the allegedly negligent acts of which Plaintiff complains are barred by the contractor exception to liability under the FTCA, 28 U.S.C. § 2671; and 3) that Plaintiff has not met his burden of proof for the elements of medical malpractice under Illinois state law.[1]

Plaintiff did not respond to Defendant's Motion to Dismiss. *See Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (plaintiff need not respond to motion to dismiss; he may "rest on the assumed truthfulness and liberal construction afforded his complaint").

## CONCLUSIONS OF LAW

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). A complaint by a *pro se* plaintiff is to be construed more liberally than one prepared by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable

---

[1] Defendant describes its motion as a "Motion to Dismiss or for Summary Judgment" (Doc. 24). The first two grounds contemplate dismissal for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Defendant argues the third ground in terms of summary judgment. *See* FED. R. CIV. P. 56.

claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). A mere recitation of the elements of the cause of action is insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 1965.

Plaintiff's complaint primarily alleges that various personnel at FPC Marion committed medical malpractice when they failed to diagnose his broken leg (Doc. 1, p. 6). Under Illinois law, which applies to this FTCA claim, Plaintiff must attach a certificate of merit to his pleadings. 735 ILL. COMP. STAT. 5/2-622(a). Because Plaintiff has not attached the required certificate, it is recommended that his complaint be dismissed. *Id.* at § 2-622(g). In addition, the complaint seems to allege the possibility of negligence at USMCFP Springfield (Doc. 1, p. 7). Because Missouri has a certificate of merit requirement similar to that of Illinois, any claim based on medical malpractice in Missouri is likewise dismissed. MO. REV. STAT. § 538.225(1), (6). Although this complaint is brought under the FTCA, Plaintiff alleges he was denied medication. Such an allegations could be construed as a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment (Doc. 1, p. 7). To the extent that Plaintiff attempts to allege a constitutional violation, he fails to state a claim. Because the undersigned recommends granting the motion to dismiss for failure to file a certificate of merit, the two alternative grounds for dismissal are not considered.

*Failure to File Certificate of Merit for Medical Malpractice in Illinois*

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omission constituting negligence took place. *See* 28 U.S.C. § 1346(b), 2674;

*Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Because the claim that Plaintiff states involves acts at FPC Marion, Illinois state law supplies the substantive rule of decision.

Illinois law requires that plaintiffs making a claim of medical malpractice consult with a health professional to determine that their suit has merit. 735 ILL. COMP. STAT. 5/2-622. This requirement takes the form of an affidavit and certificate of merit that must be filed with the complaint. *Id.* at § 2-622(a). The affidavit must state that "plaintiff's attorney, or the plaintiff, if the plaintiff is proceeding *pro se*" has consulted with a qualified health professional and believes that the claim has merit. *Id.* The certificate is the health professional's written report that "there is a reasonable and meritorious cause for the filing of [the] action." *Id.* The failure to file the affidavit and certificate with a pleading is grounds for dismissal of the claim. *Id.* at §§ 2-622(g), 2-619.

The prevailing rule in this Court and elsewhere in the Seventh Circuit is that the § 2-622 certificate of merit requirement is a substantive rule of Illinois law for purposes of claims brought under the FTCA. *See Shank v. United States*, No. 08-CV-214-JPG-PMF, 2008 WL 4671735 (S.D. Ill. Oct. 21, 2008) (dismissing FTCA survival action without prejudice to allow plaintiff to refile with the § 2-622 certificate); *Salsman v. United States*, No. 03-CV-0140-MJR, 2005 WL 2001320 (S.D. Ill. Aug. 19, 2005) (dismissing FTCA claim for failure to file a § 2-622 certificate); *see also Chenoweth v. Webster*, No. 04-CV-1185, 2006 WL 771193 (C.D. Ill. Mar. 24, 2006) (applying § 2-622 to an FTCA action); *Merrit v. Zollar*, No. 95 C 2470, 1995 WL 263425 (N.D. Ill. 1995) (dictum) (same). This view is based on the Seventh Circuit's implicit application of § 2-622 requirement to a supplemental state law claim in *Sherrod v. Lingle*, 223

F.3d 605 (7th Cir. 2000). *Salsman*, 2005 WL 2001320, at *5.  This Court has further reasoned that § 2-622 is a substantive rule for application in federal courts because it is "limited to a particular area of law and motivated by concerns about the potential impact on primary behavior of making it too easy for plaintiffs to win a particular case." *Shank*, 2008 WL 4671735, at *2; *Salsman*, 2005 WL 2001320, at *5 (quoting *Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996)).  *See also S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 60 F.3d 305, 310 (7th Cir. 1995).

Dismissal for failure to comply with § 2-622 is mandatory, but whether to dismiss with or without prejudice is within the discretion of the Court. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987).  Because Plaintiff has failed to file an affidavit and certificate of merit, the complaint must be dismissed. 735 ILL. COMP. STAT. 5/2-622(g).  Allowing Plaintiff leave to refile with a certificate of merit, however, if he is able to secure one, does not undercut the purpose of § 2-622, which is to reduce the cost of frivolous lawsuits. *McCastle*, 520 N.E.2d at 296; *see also Cammon v. West Suburban Hospital Medical Center*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998) ("[A] sound exercise of discretion mandates that [Plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.").  It is therefore **RECOMMENDED** that the action be **DISMISSED without prejudice** and that Plaintiff be granted leave to refile his complaint in a separate action.

*Failure to File Certificate of Merit for Medical Malpractice in Missouri*

It is not clear whether or not Plaintiff is attempting to allege negligence at USMCFP Springfield.  As stated above, Missouri substantive state law would apply to any such claims

under the FTCA. 28 U.S.C. § 1346(b), 2674; *Richards*, 369 U.S. at 10; *Bowen*, 570 F.2d at 1315-16. Like Illinois, Missouri also requires that a certificate of merit be filed in conjunction with pleadings that allege medical malpractice. MO. REV. STAT. § 538.225(1). The failure to file that certification in a timely manner results in mandatory dismissal without prejudice, upon the motion of any party. *Id.* at § 538.225(6). Federal district courts in Missouri have applied the certificate requirement. *See Hill v. Morrison*, 870 F.Supp. 978, 982 (W.D. Mo.1994) (applying certificate requirement to case in court's diversity jurisdiction). The Missouri statute, therefore, should be applied as a substantive rule for the purposes of the FTCA by the same rationale as § 2-622 is applied to claims in Illinois. Whatever claims Plaintiff brings based on acts or omission in Missouri must be certified of their merit in compliance with § 538.225. Plaintiff has not filed a certification. It is therefore **RECOMMENDED** that to the extent Plaintiff attempts to state a claim under Missouri law, it should be **DISMISSED** on this basis.

*Failure to State a Claim of Deliberate Indifference to a Serious Medical Need*

Plaintiff brought this action pursuant to the FTCA, which does not serve to vindicate his constitutional rights. 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner . . . as a *private* individual . . . .") (emphasis added); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994). Plaintiff makes allegations in his complaint, however, that potentially state a constitutional claim. Specifically, Plaintiff alleges that prison personnel denied him pain medication at Williamson County Jail and at USMCFP Springfield, which could be construed as an attempt to claim deliberate indifference to serious medical need in violation of the Eighth Amendment.

To state a claim of deliberate indifference to a serious medical need in violation of the

Eighth Amendment, a plaintiff must allege that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). Untreated pain may constitute a serious medical need when it is "inconsistent with contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103-4 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). Deliberate indifference is more than negligence gross negligence, or even "recklessness" as that term is used in tort cases. *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). *See also Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997); *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Deliberate indifference requires actual knowledge and conscious disregard of a serious medical need. *Greeno*, 414 F.3d at 653.

Here, the complaint pleads facts that, at most, create a suspicion of deliberate indifference without specifying the allegations upon which such a claim could rest. The complaint states that Plaintiff was "refused" medication at the Williamson County Jail and "had trouble getting pain medication" at USMCFP Springfield. Plaintiff alleges that nurses made "smart aleck remarks" at the Williamson County Jail and that the doctor in USMCFP Springfield explained that "the problem was with the narcotic's review committee and [the] clinical director." Plaintiff alleges no facts that raise the level of subjective culpability above mere negligence. Thus, he has failed to state a claim of deliberate indifference to a serious medical need. Accordingly, it is therefore **RECOMMENDED** that the Court **FIND** that Plaintiff has failed to state a claim of constitutional magnitude based upon these facts.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Court adopt

the foregoing findings of fact and conclusions of law, that the Motion to Dismiss (Doc. 24) be **GRANTED**, that the case be **DISMISSED without prejudice,** and that Plaintiff be given leave to refile his complaint in compliance with 735 ILL. COMP. STAT. 5/2-622.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 30, 2009**

                            **S/** *Donald G. Wilkerson*
                            **DONALD G. WILKERSON**
                            **UNITED STATES MAGISTRATE JUDGE**