UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES G. HODGE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 06-cv-4053-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation (R&R) (Doc. 30) of Magistrate Judge Donald G. Wilkerson, recommending that the Court dismiss Petitioner's Federal Tort Claims Act action for failure to file a certificate of merit as required for medical malpractice actions in both Illinois and Missouri. Judge Wilkerson concluded that the certificate of merit requirement is a substantive rule of law that must be applied by the Court to this action pursuant to the requirements of the Tort Claims Act. He concluded that the failure of Petitioner to attach a certificate of merit to his petition requires dismissal of Petitioner's Tort Claims Act claims. Judge Wilkerson also concluded that Petitioner has failed to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Petitioner Charles G. Hodge (Hodge) has filed an objection to the R&R (Doc. 31).

### BACKGROUND

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.

*Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## ANALYSIS

Petitioner does not object to Judge Wilkerson's findings of fact. Nor does Petitioner object to Judge Wilkerson's conclusion that the allegations in his complaint do not state a claim under the Eighth Amendment. Finally, Petitioner does not object to Judge Wilkerson's conclusion that the certificate of merit requirement is a substantive rule of law that the Court must apply to this action. The Court has reviewed those unobjected portions of the R&R, and finds no error. Therefore, the Court adopts those portions of the R&R as its own.

Hodge's objection is to Judge Wilkerson's conclusion that the complaint must be dismissed. He protests that he is a *pro se* litigant who was unaware of the certificate of merit requirement. He appears to be asking the Court to waive the requirement.

The Court has no power to waive compliance with the certificate of merit requirement. 735 ILCS 5/2-622(g); Mo. Rev. Stat. § 538.225(6). Furthermore, while the Court must liberally construe *pro se* pleadings, s*ee Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998), liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Nor is the Court obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

Here, Hodge asks the Court to relieve him from the substantive requirements of both Illinois and Missouri tort law. Hodge's mere status as a *pro se* litigant does not excuse him from meeting the prerequisites of bringing a viable tort claim. Nor is it within the Court's power to grant such a waiver, even if it were inclined to do so. Furthermore, the Court notes that Hodge has been on notice about the certificate of merit requirement since at least May 2008, when the United States brought its motion to dismiss. Yet, he has done nothing to supplement or amend his complaint in order to provide the required affidavit. As such, Hodge's argument that it would be inequitable of the Court to dismiss his complaint when he did not know that a certificate of merit was required rings hollow.

Hodge contends that his failure to comply with the requirements of the law proves that the Court erred when it refused to appoint him counsel. There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The issue raised by Hodge's complaint, whether the prison negligently or wrongfully treated his leg, is straightforward, and Hodge has access to the main piece of evidence - his medical records. Furthermore, Hodge is no longer in prison, and therefore does not suffer from the impediments to representing himself that sometimes arise in prisoner suits. Therefore, the Court stands by its determination that Hodge is not in need of appointed counsel.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 30) in its entirety and **GRANTS** the Motion to Dismiss (Doc. 24) filed by the United States. The Court **DISMISSES** this action **without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment

accordingly.

**IT IS SO ORDERED.**
**DATED: April 30, 2009**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**